UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-05744-JLS-PD                                    Date: November 18, 2022
Title:  Kimberly Gonzalez v. Randstad Professionals US, LLC et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. CIV22STCV21991 (Doc. 11)**

Before the Court is Plaintiff Kimberly Gonzalez's Motion to Remand. (Mot., Doc. 11.)  Defendant Randstad Professionals US, LLC ("Randstad") opposed, and Plaintiff replied.  (Opp., Doc. 21; Reply, Doc. 22.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for December 9, 2022 at 10:30 a.m. is VACATED.  Having considered the parties' arguments, and for the reasons below, the Court GRANTS Plaintiff's Motion and REMANDS this matter, Case No. CIV22STCV21991, to Los Angeles County Superior Court.

I.     **BACKGROUND**

This is an employment action brought against Defendants Randstad Professionals US, LLC, d/b/a Randstad Life Sciences, PerkinElmer Genetics, Inc., PerkinElmer, Inc., PerkinElmer Health Sciences, Inc., and PerkinElmer Informatics, Inc. ("Defendants"). (Complaint, Ex. A to Notice of Removal ("Compl.") ¶ 1, Doc. 1.)  Plaintiff Kimberly Gonzalez ("Gonzalez") seeks to represent a class defined as:

> All current and former non-exempt employees of any of the Defendants who performed work for PERKINELMER GENETICS, INC.; PERKINELMER,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-05744-JLS-PD                                                      Date: November 18, 2022
Title:  Kimberly Gonzalez v. Randstad Professionals US, LLC et al

      INC.; PERKINELMER HEALTH SCIENCES, INC.; and PERKINELMER INFORMATICS, INC. within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint."

(*Id.* ¶ 16.)  Gonzalez alleges that she was employed by Defendants "as a clinical laboratory technologist and Next Generation Sequencing ('NGS') worker from approximately 2020 to November 2, 2021."  (*Id.* ¶ 21.)  She alleges that Defendants "engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees" that included, among other things, "failing to pay them for all hours worked, including minimum and overtime wages" and "routinely fail[ing] to permit [those employees] to take timely and duty-free meal periods and rest periods in violation of California law."  (*Id.* ¶ 25.)

      Gonzalez brings nine claims against Defendants: (1) failure to pay overtime in violation of Cal. Labor Code §§ 510 and 1198; (2) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7 and 512(a); (3) failure to authorize and permit rest breaks in violation of Cal. Labor Code § 226.7; (4) failure to pay minimum wage in violation of Cal. Labor Code §§ 1194, 1197, and 1197.1; (5) failure to timely pay wages upon separation of employment in violation of Cal. Labor Code §§ 201, 202, and 203; (6) failure to timely pay wages during employment in violation of Cal. Labor Code §§ 204 and 210; (7) failure to provide accurate wage statements in violation of Cal. Labor Code § 226(a); (8) failure to reimburse necessary business expenses in violation of Cal. Labor Code §§ 2800 and 2802; and (9) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (Compl. ¶¶ 47–111.)

      Gonzalez initially filed her action in the Superior Court of California for the County of Los Angeles on July 7, 2022.  (Notice of Removal ("Notice") ¶ 1, Doc. 1.) Randstad received service of process on July 13, 2022 and timely removed the case to this Court on August 12, 2022 under the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d).  (*Id.* ¶¶ 2–6, 10.)  On September 19, 2022, Gonzalez moved to remand this case to the Los Angeles County Superior Court.  (Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-05744-JLS-PD                                                Date: November 18, 2022
Title: Kimberly Gonzalez v. Randstad Professionals US, LLC et al

## II.    LEGAL STANDARD

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (Staton, J.) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007)); 28 U.S.C. § 1332(d).[1]

"In determining the amount in controversy [under CAFA], courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Id.* (citing *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013)). As this Court explained in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)); *and see Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation."). This is in line with the Ninth Circuit's characterization of "amount in controversy" as "simply an estimate of the total amount in

---

[1] Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-05744-JLS-PD  Date: November 18, 2022
Title: Kimberly Gonzalez v. Randstad Professionals US, LLC et al

dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The Ninth Circuit has also held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] *real evidence* and [2] *the reality of what is at stake in the litigation*, using [3] *reasonable assumptions* underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198 (emphasis added). Hence, beyond actual evidence, district courts may consider context and apply reasonable conjecture when evaluating a removal premised on CAFA jurisdiction.

### III. DISCUSSION

Gonzalez argues that this action must be remanded because Randstad has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.00. (Mot. at 5–18.) Specifically, Gonzalez argues that Randstad has no support for its amount-in-controversy calculations, which rest on unreasonable assumptions and figures "pulled out of thin air." (*Id.*)

Randstad argues that its evidence is adequate to support its amount-in-controversy calculations. (Opp. at 3–4, 12–13.) Randstad has submitted no additional evidence in opposition and points to the evidence that it submitted at the time of removal. (*Id.* at 3, 12–13, citing Amato Decl., Doc. 3.) Specifically, Randstad relies on a declaration by Heather Amato, a paralegal in the Law Department of Randstad General Partner (US), LLC, which holds a 0.1 percent interest in Randstad. (Amato Decl. ¶ 2.) Amato testifies to the number of putative class members, the total number of weeks that they worked during the class period, and their average hourly pay. (*Id.* ¶¶ 2, 6–10.) Amato bases her calculations on Randstad's payroll, timekeeping, and human resources management systems maintained in the ordinary course of business. (*Id.* ¶ 3.) According to Amato, during the putative class period Randstad employed approximately 154 putative class members, who worked a total of approximately 5,329 workweeks at an average hourly pay rate of $36.81. (*Id.* ¶¶ 6–8.) Amato's declaration contains no information regarding estimated violation rates. Randstad contends that its assumed violation rates are

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-05744-JLS-PD | Date: November 18, 2022 |
| Title:  Kimberly Gonzalez v. Randstad Professionals US, LLC et al | |

reasonable because "[a]ssuming a 100 percent violation rate is proper when a complaint alleges a policy of noncompliance."  (Opp. at 4.)

"As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court, violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires."  *Toribio v. ITT Aerospace Controls LLC*, 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019).  Here, Randstad estimates a 100% violation rate for the alleged meal and rest period violations, unpaid overtime violations, waiting time penalties, untimely wage violations, and wage statement violations.  (Notice ¶ 30; Opp. at 4–11.)  Randstad cites to several district court cases that found that allegations of a defendant's policy of noncompliance with wage and hour laws such as Gonzalez alleges against Randstad here justified assuming a 100% violation rate.  (*See* Opp. at 5–6.)

Courts disagree about the violation rate that can be assumed where, as here, the Complaint does not allege any specific violation rate.  *Compare Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (acknowledging the split and holding that "[e]ven following *Ibarra*," it was reasonable to assume a 100% violation rate where "Plaintiff alleges that 'at all material times,' Defendant failed to provide putative class members with uninterrupted meal and rest periods as required by California law") *with Armstrong v. Ruan Transp. Corp.,* 2016 WL 6267931, at *3 (rejecting defendant's one-violation-a-week assumption because (1) plaintiff's allegation that defendant failed to provide "all legally required" breaks did not amount to an allegation that defendant failed to provide each and every break, and (2) defendant proffered no evidence in support of the violation rate).

This Court has grappled with the best method to account for the amorphous "violation rate" calculation.  In earlier cases, the Court tried to divine what might be a reasonable violation rate based on the complaint's language describing the defendant-employer's policies.  *See, e.g., Mortley*, 2018 WL 708115, at *4, (assuming two violations per week was reasonable); *Mariscal v. Arizona Tile, LLC*, 2021 WL 1400892, at *3 (C.D. Cal. Apr. 14, 2021) (Staton, J.) (assuming a 25% meal and rest break

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-05744-JLS-PD                          Date: November 18, 2022
Title: Kimberly Gonzalez v. Randstad Professionals US, LLC et al

violation rate was reasonable). More recently, however, this Court has declined to allow defendants "to translate vague 'pattern and practice' language in a complaint into a purportedly reasonable violation level without providing any evidence at all." *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, 2021 WL 2222217, at *3 (C.D. Cal. June 2, 2021) (Staton, J.); *accord Gonzalez v. H&M Hennes & Mauritz L.P.*, 2022 WL 179292, at *3–4 (C.D. Cal. Jan. 20, 2022) (Staton, J.).

As the Court has explained, an approach that "amounts to little more than plucking a violation rate out of the air and calling it 'reasonable"—is 'a wasteful and silly, but routine, exercise in mathematical fantasyland.'" *Cackin*, 2021 WL 2222217, at *3 (quoting *Toribio*, 2019 WL 4254935, at *3). If one is going to assume a violation rate based on vague language in a complaint, then there is no basis for assuming that a 100% or 50%—or even 25%—violation rate "is any more or less reasonable than a violation rate of once per week or once per month." *Id.* (citing *Vanegas v. DHL Express (USA), Inc.*, 2021 WL 1139743, at *3 (C.D. Cal. Mar. 24, 2021)). The Court continues to agree with the observation of the Honorable George Wu:

> Faced with a vague pleading, it seems to this Court that the much-more-sensible route would be to try to pin Plaintiff down, in state court (with no one-year time-limit staring Defendants in the face), with respect to what the Complaint's allegations actually mean with respect to violation rates. Perhaps Defendants do this by serving interrogatories or requests for admission, perhaps by deposition, perhaps by moving for a more definite statement. Perhaps they simply get Plaintiff to identify what the violation rates would be for Plaintiff, and then use that information as a sample to extrapolate out the calculation for the entire class.

*Toribio*, 2019 WL 4254935, at *3.

Ultimately, it is Randstad's burden to demonstrate a sufficient amount in controversy by a preponderance of the evidence, and Randstad has failed to provide any evidence to support its violation rate assumptions. *Cf. id.* at *4 (holding that it is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-05744-JLS-PD                                                        Date: November 18, 2022
Title:  Kimberly Gonzalez v. Randstad Professionals US, LLC et al

defendant's burden to prove a sufficient amount in controversy and that the plaintiff has no obligation to offer competing figures); *accord Cackin*, 2021 WL 2222217, at *4. Because Randstad has failed to meet its burden in proving that the amount in controversy exceeds CAFA's $5,000,000 threshold, Gonzalez's Motion is GRANTED.

### IV.     CONCLUSION

For the foregoing reasons, Randstad has failed to establish that the amount in controversy meets the jurisdictional threshold.  Accordingly, the Court GRANTS Gonzalez's Motion and REMANDS this action to the Superior Court of California, County of Los Angeles, Case No. CIV22STCV21991.

Initials of Deputy Clerk:  vrv